UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jose Jair MOSQUERA CAMACHO,<br><br>                Petitioner,<br><br>        v.<br><br>Laura HERMOSILLO, Acting Field Office Director of Enforcement and Removal Operations, Seattle Field Office, Immigration and Customs Enforcement (ICE), et al.,<br><br>                Respondents. | Case No. 2:25-cv-02457-TL-SKV<br><br>ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED |

## I.    ORDER

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that Petitioner is in custody in violation of the Constitution or laws of the United States. Dkt. No. 1. The Court has discretion to determine when a response to a § 2241 habeas petition is due. *See*, *e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show

ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED – 1

cause why the writ should not be granted." 28 U.S.C. § 2243. The Court DIRECTS Respondents to show cause why the writ of habeas corpus should not be granted and ORDERS:

1. Respondents SHALL file a return to the habeas petition **no later than December 18, 2025.** The return SHALL be noted on the Court's motion docket for the due date of the Petitioner's traverse – five (5) days after the due date of Respondents' return. Any arguments that the petition should be dismissed SHALL be made in the return and not by separate motion. The return SHALL be filed using the "Response to Habeas Petition" ECF filing event.

2. Any traverse by Petitioner SHALL be filed **no later than December 23, 2025.** The clerk SHALL note the matter for December 23, 2025. The traverse shall be filed using the "Reply to Response to Motion" ECF filing event.

3. Respondents SHALL provide Petitioner and Petitioner's counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States.

4. The Clerk is DIRECTED to effectuate immediate service, if service has not already been accomplished, of the habeas petition filed in this case upon Respondents by emailing a copy of the habeas petition and this order to USAWAW.ImmigrationHabeasService@usdoj.gov

5. Petitioner's counsel SHALL provide Petitioner's A-file number promptly to the U.S. Attorney's Office via email to USAWAW.ImmigrationHabeasAnumbers@usdoj.gov.

ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED – 2

6. If either party seeks an expedited or enlarged briefing schedule, counsel for that party SHALL contact opposing counsel promptly to meet and confer. The parties SHALL then file a joint expedited motion, noted for the same day it is filed, that contains either an agreed briefing schedule or the parties' competing proposals for a briefing schedule.

Dated this 4th day of December, 2025.

Tana Lin
United States District Judge

ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED – 3